UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TOM TRAINI,

       Petitioner,

                                          CASE NO. 1:07-CV-80

v.

                                          HON. ROBERT J. JONKER

CINDI S. CURTIN,

       Respondent.

_____/


## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's Motion for Certificate of Appealability (docket # 48) concerning Magistrate Judge Scoville's Report and Recommendation of November 23, 2009 (docket # 43). Petitioner did not file objections to the Report and Recommendation, and the Court has not yet accepted it. Petitioner's Motion is the functional equivalent of objections to the Report and Recommendation, and the Court will treat the Motion as such.

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district

> judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections (in the form of the Motion for a Certificate of Appealability). After its review, the Court finds that Magistrate Judge Scoville's Report and Recommendation is factually sound and legally correct.

Petitioner has presented nothing that undermines the validity of the Report and Recommendation. Petitioner first objects to the application of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") to his case. (Mot. for Cert. of Appealability, docket # 48, ¶ 6). He offers no support for this argument, nor can the argument be supported. Petitioner filed his habeas application long after the April 1996 enactment of the AEDPA, and the provisions of that law govern the scope of the Court's review in this habeas action. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir. 2008). Petitioner next objects that Respondent has not filed "all transcripts, state court briefs and state court opinions that are pertinent to the resolution of the issues." (Mot. for Cert. of Appealability, docket # 48, ¶ 1.) Petitioner provides no support for this claim, nor does the Court find any basis for the claim. Petitioner's remaining challenges are not specific objections, but rather simple restatements of the claims and arguments presented in his habeas petition. After de novo review, the Court finds that the Report and Recommendation carefully examines and

properly analyzes Petitioner's claims and arguments. The Magistrate Judge correctly concluded that Petitioner had presented no factually and legally supported grounds for habeas relief.

Under the AEDPA, a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Report and Recommendation (docket # 43) is factually sound and legally correct. Petitioner is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 43) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED THAT:**

1. Petitioner's Motion for Writ of Habeas Corpus (docket ## 1, 6) is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.


Dated:     December 21, 2009            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE